[Cite as *State ex rel. Plaza v. Ohio Adult Parole Auth.*, 2026-Ohio-2503.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Robert Plaza, | : | |
| Relator, | : | |
| | : | No. 25AP-151 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on June 30, 2026

**On brief:** *Robert Plaza*, pro se.

**On brief:** [*Andy Wilson*], Attorney General, *D. Chadd McKitrick*, and *Adam Beckler*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BOGGS, P.J.

{¶ 1} On January 27, 2025, relator, Robert Plaza, filed this original action requesting a writ of mandamus ordering the respondent, Ohio Adult Parole Authority ("OAPA"), to vacate its order finding that he violated the terms of his conditions of supervision and to hold a new revocation hearing at which the OAPA must find him not guilty of the alleged violation.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate of this court. On January 15, 2026, the magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate recommended this court deny Plaza's request for a writ of mandamus.

{¶ 3} On February 6, 2026, Plaza filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether "the magistrate

has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). For the reasons that follow, we overrule Plaza's objections and adopt the magistrate's decision.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 4} In 2003, Plaza was convicted of rape and aggravated assault involving an incident with a minor. Plaza was sentenced to a prison term of ten years to life. In June 2021, Plaza was released from prison and thereupon was subjected to parole supervision. Plaza signed a Conditions of Supervision document, dated June 14, 2021, which set out the terms of parole. The document stated that Plaza would "agree to fully participate in, and comply with, Special Conditions that will include . . . special conditions imposed by the Parole Board, Court, or Interstate Compact: . . . NO UNSUPERVISED CONTACT WITH MINORS (SUPERVISING ADULTS TO BE APPROVED BY THE APA)." (Mar. 28, 2025 Ex. D, Conditions of Supervision at 1.)

{¶ 5} In April 2021, Plaza's parole officer received information that Plaza had contact with a minor under the age of 18. After a conducting a search and discussing the tip with Plaza, the parole officer learned that Plaza had had contact with K.B. multiple times and that, although Plaza thought K.B. was not a minor, he was, in actuality, 16 years old. According to a violation report, a search of Plaza's phone indicated that he and K.B. were "in communication back to at least 4/18/2022 and saw each other multiple times." (Mar. 28, 2025 Ex. B, Violation Report at 2.) This search, which included Plaza's photo gallery and Snapchat, suggested that Plaza had also had contact with other suspected minors, but those other suspected violations could not be verified. The parole officer stated in the violation report that, "due to the findings from the tip and search conducted at his APA approved residence leading to the discovery of him being in contact with minors, his statement verifying his contact with [K.B.] and [his] statement of their contact, we recommend his parole be revoked." (Violation Report at 3.)

{¶ 6} On May 10, 2022, Plaza was notified of his parole-violation charge. On June 8, 2022, a violation hearing was held. K.B. testified he was 16 years old but that his profile on an online dating app, where he first met Plaza, said he was 18 years old. K.B. admitted to telling Plaza that he was attending New York University. K.B. also stated, however, that approximately a week and a half after they first met, K.B. told Plaza he was

actually 16 years old and that they continued to see each other.  K.B. stated Plaza did not inform him he was 39 years old.

{¶ 7} At the hearing, Plaza denied that K.B. told him he was a minor.  Plaza acknowledged having picked up K.B. from a high school, but he testified that K.B. told him he was there to help students.  Plaza admitted that he never told K.B. his status as a registered sex offender, that he had been in prison, or that he had a condition of supervision requiring Plaza have no unsupervised contact with minors.  The hearing officer found by the preponderance of the evidence that Plaza had violated Rule 8 of his conditions of supervision and recommended that his parole be revoked.

{¶ 8} On January 27, 2025, Plaza filed a petition for a writ of mandamus with this court arguing that he had a clear legal right to relief and that the OAPA was under a clear legal duty to grant that relief.  Specifically, Plaza argued that his due process rights were violated as he was not notified of Rule 8 of his conditions of supervision, that there was insufficient evidence to support a guilty finding, that he was not provided with a preliminary probable cause hearing, that the OAPA did not prove each element of the violation and treated it as a strict liability offense, that there was not a preponderance of the evidence of a violation, that the hearing officer did not provide evidence they relied on in arriving at their findings, and that the parole board rubber-stamped the hearing officer's decision.  Plaza also argued that his constitutional right to representation was violated as he was not represented before the parole board.  Plaza requests this court grant his writ of mandamus by vacating the OAPA's order and ordering the OAPA to hold a new revocation hearing at which the OAPA must find Plaza not guilty of the Rule 8 violation.

{¶ 9} On January 15, 2026, the magistrate recommended that this court deny his petition for a writ of mandamus.  The magistrate rejected Plaza's argument that his due process rights were violated by the lack of a preliminary probable cause hearing, as Plaza did raise an objection to the lack of a preliminary probable cause hearing when this matter was before the hearing officer and parole board and as Plaza has not demonstrated plain error.  The magistrate also rejected Plaza's contention that his due process rights required representation before the OAPA as lacking any legal support.  The magistrate further found that Plaza signed a copy of his conditions of supervision and was thus aware of the prohibition of unsupervised contact with minors.  Finally, the magistrate found there was

sufficient evidence to demonstrate by a preponderance of the evidence that Plaza violated Rule 8 based on the testimony of Plaza and K.B. and that the hearing officer found K.B. to be credible.

{¶ 10} On February 6, 2026, Plaza filed objections to the magistrate's decision which we now consider.

## II. ANALYSIS

{¶ 11} In his objections proffered to this court, Plaza repeats the same arguments he made to the magistrate. In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A relator bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of evidence, but it does not extend the degree of certainty beyond a reasonable doubt as required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14.

{¶ 12} Plaza argues that his constitutional rights to due process were violated. He argues that he was not notified that he was not to have unsupervised contact with minors as a condition of his parole supervision. As we have noted, the conditions of supervision, which Plaza signed, conspicuously noted in all capital letters that he was not to have unsupervised contact with minors. We thus overrule this objection.

{¶ 13} Plaza also argues that there was insufficient evidence to support revocation and that the OAPA did not satisfy its burden of proof by a preponderance of the evidence. We do not find Plaza's arguments persuasive. The Rules of Evidence do not apply to probation-revocation hearings. *State v. Kaimachiande*, 2019-Ohio-1939, ¶ 20 (3d Dist.), citing *State v. Newsome*, 2017-Ohio-7488, ¶ 21 (4th Dist.) and Evid.R. 101(C)(3); *State v. Simpkins*, 2006-Ohio-3496, ¶ 13, fn. 3 (8th Dist.). The rationale behind this exception is, given the informality of this type of proceeding, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the

conditions of his probation. *Columbus v. Bickel*, 77 Ohio App.3d 26, 36-37 (10th Dist. 1991).

{¶ **14**} While Plaza argues that he did not know K.B. was a minor, K.B.'s testimony indicated otherwise. K.B. stated that he told Plaza, a week and a half after they started seeing each other, that he was in fact 16 years old and that they still remained in contact. While Plaza urges us to reject K.B.'s testimony, witness credibility determinations are for the hearing officer, and a court hearing a matter in mandamus may not reweigh the credibility of the witnesses. *State ex rel. Jackson v. Wilkinson*, 1995 Ohio App. LEXIS 2577 (10th Dist. June 20, 1995) (rejecting relator's claim that his parole officer perjured herself and that the OAPA believed her perjury, given the court is unable to reweigh the credibility of the respective witnesses at a revocation hearing); *State v. Motz*, 2020-Ohio-4356, ¶ 31 (12th Dist.) (noting that a trial court determines the credibility of the witnesses at a revocation proceeding). We decline to reweigh the staff hearing officer's credibility here. Nor do we agree with Plaza that there was insufficient evidence or that the OAPA did not meet its burden for a revocation finding given that the hearing officer clearly found K.B. to be more credible. We also note that Plaza's own testimony and the search of his phone indicated he violated Rule 8 of his conditions of supervision. We therefore overrule these objections to the magistrate's decision.

{¶ **15**} Plaza also argues that his due process rights were violated in that he was not provided with a preliminary probable cause hearing. We find no case law or other legal support for Plaza's argument here and again overrule his objection. The United States Supreme Court has stated that the minimum requirements of due process in parole revocation proceedings include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

{¶ 16} While Plaza argues that he should have been afforded a preliminary hearing separate from his final revocation hearing, this court has held that:

> "There is authority in Ohio * * * that this requirement for a two-step procedure does not mandate two separate hearings held on different dates." *Columbus v. Kostrevski*, 10th Dist. No. 92AP-1257, 1993 Ohio App. LEXIS 1188 (Feb. 23, 1993), citing *State v. Miller*, 45 Ohio App.2d 301, 345 N.E.2d 82 (3d Dist.1975). A trial court's revocation of probation without holding two separate hearings will be reversed only if the defendant was prejudiced by such. *See Miller* at 306 (the judgment of a trial court revoking probation will not be reversed where two separate hearings have not been held unless it appears from the record the defendant was prejudiced).

*Dublin v. Willms*, 2018-Ohio-5144, ¶ 11 (10th Dist.).

{¶ 17} Our examination of the record does not show prejudice from the lack of a separate preliminary hearing in this case; therefore we overrule this objection to the magistrate's decision.

{¶ 18} Finally, Plaza argues that he was denied his constitutional right to due process by not having the assistance of counsel before the OAPA. Similar to the magistrate, we find no relevant legal authority supporting this argument and therefore cannot find that Plaza has shown a clear legal right to his requested relief.

## III. CONCLUSION

{¶ 19} Having overruled all of Plaza's objections and discerning no error in the magistrate's decision, we adopt that decision as our own and deny Plaza's request for a writ of mandamus.

*Objections overruled*;
*petition for writ of mandamus denied.*

JAMISON and LELAND, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel.  Robert Plaza, | : | |
| Relator, | : | |
| v. | : | No.  25AP-151 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 15, 2026

*Robert Plaza*, pro se.

*Dave Yost*, Attorney General, and *Salvatore Messina*, for respondent.

IN MANDAMUS

{¶ 20} Relator, Robert Plaza, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Ohio Adult Parole Authority ("OAPA") to hold another parole hearing and find him not guilty of any parole violation.

Findings of Fact:

{¶ 21} 1. Relator is incarcerated at Grafton Correctional Institution.

{¶ 22} 2. Respondent OAPA conducts release-consideration hearings on all parole-eligible inmates, among other things.

{¶ 23} 3. In 2003, relator was found guilty of rape and aggravated assault and sentenced to a prison term of 10 years to life.

{¶ 24} 4. In June 2021, relator was released from prison under OAPA supervision. As pertinent to the present case, under Rule 8 in the conditions of supervision, relator agreed to follow any special conditions. One of the special conditions listed prohibited relator from having unsupervised contact with minors.

{¶ 25} 5. On April 28, 2022, relator's parole officer discovered he had contact with K.B., who was 16 years old.

{¶ 26} 6. On May 10, 2022, relator was served with notification of his parole-violation charge.

{¶ 27} 7. On June 8, 2022, a hearing was held, at which relator testified he had contact with K.B. 7 to 10 times; K.B. presented him with identification that showed K.B. was 20 years old; K.B. appeared much more mature than a minor; they met on a dating application; they usually met in public places; relator was excited about the relationship they had built; K.B. told him he was a student at New York University and was on a break to see his ill mother; relator picked up K.B. from a local high school, but K.B. told him he was there to help students after school; and K.B. never told him he was 16 years old. K.B. testified that he met relator on a dating application; K.B.'s profile on the dating application indicated he was 18 years old; he told relator that he was 16 years old one and one-half weeks after meeting him; after telling relator he was 16 years old, they continued to see each other; relator never told him he was 39 years old; K.B. initially told a parole officer he was 18 years old; K.B. told relator he was attending New York University as a student; and although he initially told relator's stepmother that he was 18 years old, he later told her he was 16 years old. Relator was found guilty of violating Rule 8 and ordered to serve 60 months in prison.

{¶ 28} 8. On January 27, 2025, relator filed this petition for writ of mandamus.

Conclusions of Law:

{¶ 29} The magistrate recommends that this court deny relator's petition for a writ of mandamus.

{¶ 30} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law.

*State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A relator bears the burden of persuasion to show entitlement to a writ of mandamus by clear and convincing evidence. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 26. "Clear and convincing evidence" is a measure or degree of proof that is more than a preponderance of evidence, but it does not extend the degree of certainty beyond a reasonable doubt as required in a criminal case; clear and convincing evidence produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 2013-Ohio-3720, ¶ 14.

{¶ 31} Parole-revocation proceedings and trial proceedings are distinct, and a parolee is not entitled to the same level of due-process protection as a trial defendant. Revocation hearings are excepted under the Ohio Rules of Evidence and, thus, fall outside of the scope of those rules. Evid.R. 101(A) and (C)(3). Therefore, the Rules of Evidence do not apply to probation-revocation hearings. *State v. Kaimachiande*, 2019-Ohio-1939, ¶ 20 (3d Dist.), citing *State v. Newsome*, 2017-Ohio-7488, ¶ 21 (4th Dist.) and Evid.R. 101(C)(3); *State v. Simpkins*, 2006-Ohio-3496, ¶ 13, fn. 3 (8th Dist.). The rationale behind this exception is, given the informality of this type of proceeding, the trier of fact should be able to consider any reliable and relevant evidence to determine whether the probationer has violated the conditions of his probation. *Columbus v. Bickel*, 77 Ohio App.3d 26, 36-37 (10th Dist. 1991.).

{¶ 32} Nevertheless, although a parolee facing revocation does not have the same due-process rights as does a trial defendant, the United States Supreme Court has established a minimum due process threshold for such proceedings. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court held that a parolee is entitled to certain due-process protections at a parole-revocation hearing. *Id.* at 488-90. These include written notice of the claimed violations of parole, disclosure to the parolee of evidence against him, an opportunity to be heard in person before a neutral and detached hearing body, the right to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses under most conditions, and a written statement by the factfinder relating the evidence relied on and reasons for revoking parole. *Id.*

{¶ 33} If a relator can prove that a due-process violation occurred at a parole-revocation hearing, mandamus is the appropriate remedy for compelling the parole authority to conduct a second hearing. *Mango* at ¶ 11, citing *State ex rel. Ellison v. Black*, 2021-Ohio-3154, ¶ 12.

{¶ 34} The United States Supreme Court has suggested that due process requires sufficient evidence to support the revocation of parole, probation, or other types of postrelease supervision. *Mango* at ¶ 18, citing *Black v. Romano*, 471 U.S. 606, 615-16 (1985) (finding that the state trial court's decision to revoke an offender's probation satisfied due process, agreeing that there was sufficient evidence to support that the defendant had violated the conditions of his probation). There is sufficient evidence to sustain a revocation of parole when there is "substantial evidence" to support the decision. *Id.*, citing *State v. Delaney*, 11 Ohio St.3d 231, 236 (1984). There is "substantial evidence" to support a finding of a parole violation when the evidence presented by the parole authority, if believed, is sufficient to satisfy the burden of proof. *Id*, citing *Consol. Edison Co. of New York v. Natl. Labor Relations Bd.*, 305 U.S. 197 (1938) (finding that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion); and *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992) (finding substantial evidence is evidence with some weight; it must have importance and value). The purpose of a parole-revocation hearing " 'is to determine whether there is a preponderance of the evidence, taking the record as a whole, that the releasee violated a condition of release or post-release control sanction.' " *Mango* at ¶ 19, quoting Ohio Adm.Code 5120:1-1-18(A)(3).

{¶ 35} Furthermore, a court hearing a matter in mandamus may not reweigh the credibility of the witnesses. *State ex rel. Jackson v. Wilkinson*, 10th Dist. No. 94APD12-1789 (June 20, 1995) (rejecting relator's claim that his parole officer perjured herself and that the OAPA believed her perjury, given the court is unable to reweigh the credibility of the respective witnesses at a revocation hearing); *State v. Motz*, 2020-Ohio-4356, ¶ 31 (12th Dist.) (noting that a trial court determines the credibility of the witnesses at a revocation proceeding).

{¶ 36} In the present case, relator argues that the OAPA violated his constitutional rights to due process in the following ways: (1) he was not afforded a preliminary probable

cause hearing despite requesting one from OAPA; (2) he was not informed of the special condition of parole to not have unsupervised contact with minors; (3) there was insufficient evidence to support a finding of guilty; (4) the OAPA treated the conditions of supervision as a strict liability offense because he had no intention to have unsupervised contact after meeting K.B. on an adult-only dating application, K.B. indicated he was an adult on his profile, K.B. provided a New York identification showing he was an adult, K.B. told relator he was a student at New York University, and he initially told parole officers he was an adult; (5) the OAPA did not prove a violation by a preponderance of evidence; (6) relator's hearing officer did not provide the evidence relied upon in his summary of evidence used in arriving at findings; (7) the OAPA rubber-stamped the hearing officer's summary of evidence; and (8) the OAPA violated his right to due process and representation by prohibiting him from being represented before the ultimate deciding body, i.e., the OAPA.

{¶ 37} Relator first argues that due process requires a preliminary probable cause hearing, but he was not afforded one. Although neither party presents any statutory or administrative provisions regarding preliminary hearings for parole revocations, *Morrissey* at 471, and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), require a procedure comprised of two separate steps to determine whether probation or parole should be revoked: a preliminary hearing and a final revocation hearing. *See Dublin v. Willms*, 2018-Ohio-5144, ¶ 10 (10th Dist.). " 'A preliminary hearing is a hearing at which the sole inquiry is whether there is probable cause to believe the probationer has violated the terms of probation.' " *Id.,* quoting *State v. Kidwell*, 1995 Ohio App. LEXIS 564 (10th Dist. Feb. 16, 1995). Because a substantial time lag usually exists between the arrest and the revocation hearing, the preliminary hearing avoids an unjust incarceration. *See Morrissey* at 485. In addition, "a preliminary probable cause hearing should be held before an independent decision maker, 'as promptly as convenient after arrest while information is fresh and sources are available.' " *Delaney* at 233, citing *Morrissey*. Once the court determines that probable cause exists, a final hearing is held to determine whether terms have in fact been violated and if so, whether probation or parole should be revoked. *Willms* at ¶ 10, quoting *Kidwell*, citing *Gagnon* at 782. During this second hearing, the defendant is entitled to minimum due process rights, including the right to notice of the alleged violations, the right to present evidence, and the right to confront witnesses. *Id.*, citing *Kidwell*, citing *Gagnon* at 786.

{¶ 38}  In the present case, relator claims he requested a preliminary probable-cause hearing, and his parole officer told him that it would be handled at the revocation hearing. There is no due-process violation in conducting both the preliminary probable-cause hearing and final revocation hearing in the same hearing on the same day. *See State v. Waddell*, 2014-Ohio-4829, ¶ 11 (10th Dist.), citing *Columbus v. Kostrevski*, 1993 Ohio App. LEXIS 1188(10th Dist. Feb. 23, 1993), citing *State v. Miller*, 45 Ohio App.2d 301 (3d Dist. 1975); *State v. Colson*, 2025-Ohio-1266, ¶ 16 (8th Dist.), quoting *State v. Macura*, 2019-Ohio-4064, ¶ 17 (8th Dist.), citing *State v. Gaines*, 2019-Ohio-639 (8th Dist.); *State v. Greene*, 2018-Ohio-1965 (8th Dist.); and *State v. Cox*, 2018-Ohio-748 (8th Dist.). Here, relator does not provide a transcript of the hearing. Absent a transcript we presume the regularity of the proceedings below. *State v. Bailey*, 2012-Ohio-1694, ¶ 12 (7th Dist.) (finding that absent a transcript of the final revocation hearing, the court presumes regularity that a preliminary probable-cause hearing took place). The magistrate also notes that there is no indication that relator raised an objection to the lack of a preliminary probable-cause hearing at the final revocation hearing, at which he was represented by counsel. It has been held that the failure to timely object to a due-process violation for lack of a preliminary hearing at a revocation hearing waives error. *See State v. Foster*, 2007-Ohio-1867, ¶ 12 (6th Dist.) (failure to object to lack of a preliminary hearing at a probation-violation hearing waives error), citing *State v. Simpkins*, 2006-Ohio-3496, ¶ 12 (8th Dist.), citing *State v. Henderson*, 62 Ohio App.3d 848, 853 (1989). At most, an unraised due-process argument such as this would be reviewed for plain error only, and in this case relator does not explain how the outcome would clearly have been otherwise. *See id.*, citing *State v. Moreland*, 50 Ohio St.3d 58, 62 (1990). In addition, relator does not claim that the lack of a separate preliminary hearing resulted in any prejudice. *See*, e.g., *Waddell* at ¶ 12 (a trial court's revocation of probation without holding two separate hearings will be reversed only if the defendant was prejudiced by such; the defendant failed to allege any prejudice; the court cannot discern what advantage the defendant would have gained by delaying the revocation hearing; and the defendant's counsel did not indicate he was unprepared to move forward with the final revocation hearing and presented an argument in mitigation). For these reasons, relator's due-process argument with regard to a preliminary probable-cause hearing is without merit.

{¶ 39} Relator also argues that due process requires representation before the ultimate "deciding" body, i.e., the OAPA. The magistrate fails to find any legal support for this argument. Relator was represented by counsel at the revocation hearing before the hearing officer, and relator cites no authority that he must be granted representation before the "deciding" body, the OAPA, after the hearing officer issues a recommendation on the revocation. Thus, relator has failed to satisfy his burden for a meritorious mandamus action.

{¶ 40} As for the other due-process arguments, these are also without merit. Although relator claims he was never informed of the special condition of parole prohibiting unsupervised contact with minors, and submits as evidence thereof an unsigned copy of his conditions of supervision, the OAPA's submission of evidence includes a copy of the conditions of supervision signed by relator on June 16, 2021. There is no evidence in the record to support relator's claim that he was not aware of the special condition prohibiting unsupervised contact with minors.

{¶ 41} Furthermore, relator's argument that there was insufficient evidence to support his parole revocation is unpersuasive. Relator testified he had contact with K.B. 7 to 10 times, and he picked up K.B. from a local high school. K.B. testified that he told relator that he was 16 years old one and one-half weeks after meeting him, but they continued to see each other. This evidence was sufficient to demonstrate by a preponderance of the evidence that relator violated the special condition prohibiting him from having unsupervised contact with minors. Relator argues that he was unaware that K.B. was a minor, he had no intention to have unsupervised contact after meeting K.B. on an adult-only dating application, K.B. provided a New York identification showing he was an adult, and K.B. told relator he was a student at New York University. However, the hearing officer found K.B.'s testimony more credible that he informed relator of his true age after one and one-half weeks, but they continued to see each other. The hearing officer cited this testimony and provided the reasons for his determination in his hearing summary report. Relator fails to present any reason to question the hearing officer's credibility determination, and, regardless, this court is prohibited from reweighing the credibility of the respective witnesses at a revocation hearing in a mandamus action.

{¶ 42} For the above reasons, relator has failed to show the OAPA had the clear legal duty to find he did not violate the conditions of his supervision or that the OAPA abused its discretion when it found he had violated the conditions of his supervision. The OAPA's conclusion that relator violated the terms of his parole was supported by substantial evidence.

{¶ 43} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.